**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**George Franklin PATRICK, Jr.,
Defendant–Appellant.**

No. 90–3451.

United States Court of Appeals,
Eleventh Circuit.

May 18, 1992.

Sheryl Lowenthal, Coral Gables, Fla., for defendant-appellant.

Bruce Hinshelwood, Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.

---

Before HATCHETT and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.

DUBINA, Circuit Judge:

After a four-day jury trial, the appellant, George F. Patrick ("Patrick"), was convicted of the offense alleged in count two of his indictment, which charged that he, "willfully and knowingly conspired, combined, confederated, and agreed with other persons . . . to manufacture and distribute, and to possess with intent to manufacture and distribute 100 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, . . . ," in violation of 21 U.S.C. § 846. The district court sentenced Patrick to 151 months imprisonment, $2,000.00 costs of imprisonment, and a $50.00 assessment fee.

For the reasons which follow, we affirm.

### I.

Patrick raises the following issues on appeal: (1) whether at sentencing the controlled substance was properly scored as methamphetamine; (2) whether the district court properly scored the amount of the controlled substance attributable to Patrick as 3.6 kilograms; (3) whether the district court properly denied his motion for a new trial on grounds of prosecutorial misconduct; (4) whether the district court properly denied his motion for a new trial on grounds of the government's withholding of his business records; (5) whether the district court's deliberate ignorance instruction was proper; (6) whether the district court properly denied Patrick's request to represent himself; (7) whether Patrick's rights against self-incrimination were violated by his having to testify after an immunity agreement was entered into; and

(8) whether the government's warrantless seizure of Patrick's business records violated his rights against illegal search and seizure.

After thoroughly reviewing the record, we find no merit to any of Patrick's arguments concerning issues two through eight and affirm Patrick's sentence and conviction as to those issues without opinion.[1] However, we feel compelled to address the first issue presented on appeal which deals with the type of methamphetamine involved in the conspiracy.

### II.

The issue as to the type of methamphetamine involved in the conspiracy arises because the experts at trial testified only that the controlled substance seized was methamphetamine. Patrick contends on appeal that since there are two types of methamphetamine, "Methamphetamine" (D– or Dextro-methamphetamine) and "L-methamphetamine/Levo-methamphetamine," defined by the United States Sentencing Guidelines ("U.S.S.G."), and since the expert testimony did not directly establish which type was seized, the base offense level should have been determined based on the less serious form of methamphetamine, i.e., L-methamphetamine.[2] A conviction involving the more potent form, D-methamphetamine, carries a greater sentence under the guidelines than a conviction involving L-methamphetamine.

In *United States v. Koonce*, 884 F.2d 349 (8th Cir.1989),[3] the Eighth Circuit considered the same issue we must decide in a similar factual setting. Although the chemists in *Koonce* testified that methamphetamine was involved, the chemists never testified as to the type of methamphetamine.[4] As in the present case, the defen-

---

**1.** We cannot review the issue of prosecutorial misconduct on direct appeal in this case because the record is void of any evidence of the alleged misconduct.

**2.** U.S.S.G. § 2D1.1(a)(3) directs the sentencer to calculate the base offense level using the Drug Quantity Table, which is found within U.S.S.G. § 2D1.1.

**3.** *Koonce* is the only published federal case directly considering this issue.

**4.** When the term methamphetamine is used it refers to the term as it is employed in the guidelines drug equivalency table. U.S.S.G. § 2D1.1. The drug equivalency table uses the term "methamphetamine" to signify the harsher form of methamphetamine, i.e., D-methamphetamine. Since the drug equivalency table does

dant in *Koonce* failed to raise the issue of the type of methamphetamine until the sentencing hearing. The district court found that the government adequately carried its burden of proof that the illegal substance was that which is commonly understood by the term, not a lesser derivative of the same. 884 F.2d at 353. The Eighth Circuit permitted the district court to rely on its belief that the controlled substance was more likely D-methamphetamine than L-methamphetamine.[5]

 The government does not have to prove that a term used in its commonly-understood sense has no other meaning—at least until the possibility of another meaning is raised by the defense. *United States v. Francesco,* 725 F.2d 817 (1st Cir. 1984). Since Patrick did not raise the issue of the type of methamphetamine until sentencing, the government was not required to offer evidence on the matter at trial.[6] *Id.; see also United States v. Puglisi,* 790 F.2d 240, 242 (2d Cir.), *cert. denied,* 479 U.S. 827, 107 S.Ct. 106, 93 L.Ed.2d 55 (1986).

 After conducting the sentencing hearing in this case, the district court found that the harsher form of methamphetamine, D-methamphetamine, was involved. Since Patrick did not raise the issue until sentencing, the district court had to find only by a preponderance of the evidence that the controlled substance was Dextro-methamphetamine.[7] *United States v. Mieres–Borges,* 919 F.2d 652, 662 (11th Cir.1990), *cert. denied,* —— U.S. ——, 111

S.Ct. 1633, 113 L.Ed.2d 728 (1991) ("District courts are required by due process to make factual determinations at sentencing only by a preponderance of the evidence.").

 After reviewing the record and giving due deference to the district court's application of the facts in this case to the guidelines, we are unable to say that the district court's factual finding as to the type of methamphetamine involved in the conspiracy was clearly erroneous. *See United States v. Griffin,* 945 F.2d 378, 380–81 (11th Cir.), *certiorari filed,* (Jan. 21, 1992) ("Because the district court judge based his decision that crack instead of powder cocaine was involved ... on testimony sufficiently reliable to have probable accuracy, we conclude that his determination was not clearly erroneous.").

### III.

For the foregoing reasons, we affirm Patrick's conviction and sentence.

AFFIRMED.

---

6. *Francesco* differs from the case before us because in that case the defendant contended that the substance involved was not a controlled substance. In the present case, Patrick admits that the substance involved is a controlled substance, and questions only the determination of the type of controlled substance as it pertains to the guidelines.

7. It is questionable as to whether the issue of the type of methamphetamine involved in this case could have even been properly raised at trial. In *United States v. Williams,* 876 F.2d 1521, 1525 (11th Cir.1989), we stated that "[t]he nature and quantity of the controlled substances are relevant only to sentencing and do not constitute elements of a lesser included offense."

not use the term Dextro-methamphetamine, but does employ the term Levo-methamphetamine, it is clear that Patrick's indictment was for Dextro, otherwise the indictment would have specified Levo.

5. In a similar fact situation, but in a case concerning congressional use of the term "cocaine base," we found that "those concerned with relevant legislation understood cocaine base to refer to crack and intended to enhance penalties for crack dealers." *United States v. Williams,* 876 F.2d 1521, 1525 (11th Cir.1989). In the present case, it appears that when Congress used the term "methamphetamine" in the drug equivalency table, it meant the term to mean D-methamphetamine.